**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**SEAN TWOHIG,**

             **Plaintiff,**                  **CIVIL ACTION NO. 12-CV-11855**

     **vs.**                       **DISTRICT JUDGE MARIANNE O. BATTANI**

                                 **MAGISTRATE JUDGE MONA K. MAJZOUB**

**MACOMB CORRECTIONAL**
**FACILITY, et al.,**

             **Defendants.**

_____/

## REPORT AND RECOMMENDATION

       Plaintiff Sean Twohig, currently released on parole, has filed this action under 42 U.S.C. §

1983, against Defendants Macomb Correctional Facility, Macomb Medical Correctional Facility,

Dr. Abendiena (first name unknown), and a nurse known only as "Nurse Lisa."[1]  (*See* docket no. 1.)

Plaintiff alleges claims of inhumane treatment, medical malpractice, retaliation, pain and suffering,

physical and mental suffering, and "putting [his] well being and health" in jeopardy.  (*Id.* at 3.)

Plaintiff seeks injunctive relief preventing Defendants from committing the same acts on other

inmates and "compensat[ion] for [his] injury's (sic) and pain and suffering."  (*Id.* at 4.)

       Before the Court is Defendant Macomb Correctional Facility's Motion to Dismiss under Fed.

R. Civ. P. 12(b)(6).  (Docket no. 15.)  Plaintiff filed no response.  All pretrial matters have been

---

[1]Plaintiff's original Complaint also asserted claims against the Michigan Department of
Corrections.  (*See* docket no. 1.)  But the MDOC was dismissed from this case by the Western
District of Michigan, where Plaintiff originally filed his Complaint, before the case was
transferred to this Court.  (Docket no. 3.)

referred to the undersigned for consideration. (Docket no. 17.) The Court has reviewed the pleadings, dispenses with a hearing, and issues this report and recommendation.[2]

## I.      Recommendation

For the reasons that follow, the Court recommends granting Defendant Macomb Correctional Facility's Motions to Dismiss (docket no. 8) and further recommends dismissing the remaining defendants without prejudice. Therefore, the Court recommends dismissing this matter in its entirety.

## II.     Report

### A.      Facts

Plaintiff's claim arises out of a slip-and-fall accident on an undisclosed date. (Docket no. 1 at 2-3.) Plaintiff claims that he fell on the ice and sustained a concussion. (*Id.* at 2.) Plaintiff claims that he was then placed in solitary confinement where he fell asleep wearing his wet clothes. (*Id.* at 2-3.) Plaintiff further alleges that a "Ms. Robinson" also slipped on the ice as she was coming to help him and that Ms. Robinson was taken to the hospital while Plaintiff was taken to solitary confinement. (*Id.* at 3.) Plaintiff argues that he is entitled to his requested recovery because the facility and medical staff "keep blowing [him] off" and because a person should not be allowed to sleep with a concussion. (*Id.*)

### B.      Standard of review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. The court must "construe the complaint in the light most favorable to

---

[2]The Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

### C.     Analysis

#### 1.     Macomb County and the Macomb County Correctional Facility

The Eleventh Amendment bars "all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments," provided the state has not waived its immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *Thiokol Corp. v. Dep't of Treasury, State of Michigan, Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993) (citations omitted). The State of Michigan has not consented to section 1983 civil-rights lawsuits filed in federal court. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir .2004) (citation omitted). And Congress has not abrogated state sovereign immunity in civil-rights actions. *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993).

Defendant asserts that the Macomb Correctional Facility is entitled to Eleventh Amendment immunity with respect to Plaintiff's claims. (Docket no. 15.) Plaintiff has not responded, but the Court agrees with Defendant. Courts have repeatedly and uniformly held that county jails and the sheriff's departments that run them are agencies of the county, not separate legal entities, and thus, they cannot be sued. *See Watson v. Gill*, 40 Fed. App'x. 88, 89 (6th Cir. 2002) (holding that a

county jail is a department of the county and not a legal entity susceptible to suit); *Luster v. Macomb Cnty. Sheriff's Jail*, No. 06-12273, 2007 WL 1219028, *2 (E.D.Mich. April 25, 2007) (same); *see also Coopshaw v. Lenawee Cnty. Sheriff's Office of Lenawee Cnty*, No. 05-72569, 2006 WL 3298898, at *7 (E.D.Mich. Nov. 14, 2006); *Vine v. Cnty. of Ingham*, 884 F.Supp. 1153, 1158 (W.D. Mich. 1995); *Hughson v. Cnty. of Antrim*, 707 F.Supp. 304 (W.D. Mich. 1988). Therefore, Plaintiff's claims against the Macomb Correctional Facility should be dismissed.

Moreover, to the extent that Plaintiff intended to file his claim against Macomb County,[3] to state a claim against a county under § 1983, a plaintiff must allege that his injury was caused by an unconstitutional policy or custom of the municipality. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "[A] 'custom' is a legal institution that is permanent and established, but is not authorized by written law." *Feliciano v. City of Cleveland*, 988 F.2d 649, 655 (6th Cir. 1993) (citing Monell, 436 U.S. at 691). A § 1983 plaintiff may establish the existence of a custom by showing that policymaking officials knew about and acquiesced in the practice at issue. *Memphis, Tenn. Area Local. Am. Postal Workers Union v. City of Memphis*, 361 F.3d 898, 902 (6th Cir. 2004). Plaintiff has not alleged that his rights were violated by any policy of the county. At most, Plaintiff has alleged that the individuals working at the jail during his incarceration violated his rights under the Eighth Amendment. Therefore, Plaintiff has failed to state a claim against Defendant, whether it be the Macomb Correctional Facility or Macomb County itself.

---

[3]In many cases where claims are made against a non-legal entity, such as a county jail, the proper legal entity automatically defends the suit or is named as an additional defendant. *See Pegross v. Wayne Cnty. Jail*, No. 07-12839, 2008 WL 6722771, at *3 (E.D. Mich. May 22, 2008) (citations omitted). That is, when the correct entity is not also named in the lawsuit, the proper course of action is not to dismiss the claims but to construe the complaint as though it had been filed against the appropriate county. *Id.*

4

## 2.    Dr. Abendiena, Nurse Lisa, and Other Defendants

Plaintiff names "Dr. Abendiena and Nurse Lisa," "basicly (sic) all medical at the facility," as additional defendants in this action.  (Docket no. 1 at 2.)  "An inmate who brings a civil rights complaint must specifically identify each defendant against whom relief is sought and must give each defendant notice of the action by serving upon him a summons and copy of the complaint." (*Reed-Bey v. Pramstaller*, No. 06-10934, 2007 WL 2421422 at *2 (E.D. Mich. Aug. 23, 2007) (citing *Feliciano v. DuBois*, 846 F.Supp. 1033, 1048 (D. Mass. 1994)).  Defendants must be served within 120 days of filing the complaint.  Fed. R. Civ. P. 4(m).

Plaintiff filed his Complaint on April 11, 2012.  (Docket no. 1.)  Plaintiff was released on parole on August 30, 2012.[4]  On October 12, 2012, the Court Ordered the United States Marshal to serve Defendants.  (Docket no. 12.)  On November 13, 2012, Defendant Macomb Correctional Facility returned an executed Waiver of Service and filed the instant Motion.  The Waiver of Service on behalf of "Nurse Lisa" was returned with an indication that more information was necessary to properly identify her.   The Waiver of Service on behalf of "Dr. Abendiena" was returned unexecuted, noting that "[t]he doctor is not employed by MDOC."  Plaintiff has taken no action in the five months that have passed since that time.  Thus, the Court recommends that Plaintiff's Complaint against all of the remaining defendants be dismissed without prejudice.  This Report and Recommendation will serve as notice to Plaintiff under Rule 4(m).

## D.    Conclusion

Because Plaintiff's claims against Defendant the Macomb Correctional Facility are barred by sovereign immunity, the Court recommends granting Defendant's Motions to Dismiss (docket

---

[4]*See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=525794.

no. 8).  Additionally, the Court recommends dismissing the remaining defendants from this matter

without prejudice.  Therefore, the Court recommends dismissing this case in its entirety.

### III.    Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation,

but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28

U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a

waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of

Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th

Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will

not preserve all the objections a party might have to this Report and Recommendation.  *Willis v.

Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of

Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2),

a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must

recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later

than ten days after service of an objection, the opposing party must file a concise response

proportionate to the objections in length and complexity.  The response must specifically address

each issue raised in the objections, in the same order and labeled as "Response to Objection #1,"

"Response to Objection #2," etc.


Dated:  April 22, 2013                         s/ Mona K. Majzoub
                                               MONA K. MAJZOUB
                                               UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Sean Twohig and Counsel of Record on this date.

Dated:  April 22, 2013                    s/ Lisa C. Bartlett
                                          Case Manager